David Neuman (WSB #48176)
**ISRAELS NEUMAN PLC**
10900 NE 8th Street, Suite 1000
PMB #155
Bellevue, WA 98004

J. Ryan Gustafson (CA SBN 220802)
(*pro hac vice* application forthcoming)
**GUSTAFSON NICOLAI pc**
222 N. Sepulveda Blvd., Suite 2000
El Segundo, CA 90245
E: jrg@gnlawpc.com
P:  310.361.0787

Attorneys for Plaintiff Jason Skrifvars

**UNITED STATES DISTRICT COURT,**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **JASON SKRIFVARS,** an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**ISTREAM PLANET CO.**, a Delaware Corporation,<br><br>*Defendant*. | Case No.:<br><br>**COMPLAINT**<br>**(Breach of Contract)**<br><br>**DEMAND FOR JURY TRIAL** |

Complaint

Israels & Neuman, PLC
10900 NE 8th Street, Suite 1000, PMB#155
Bellevue, WA 98004 • (206) 795-5798

## PARTIES

1. Plaintiff Jason Skrifvars ("Skrifvars") is a natural person who resides in the City of Los Angeles, California.

2. Defendant iStream Planet Co. ("iStream") is a Delaware corporation with its principal place of business in Las Vegas, Nevada.  iStream also has an office in Redmond, Washington.

## JURISDICTION AND VENUE

3. The amount in controversy in this matter exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.  As stated herein, Skrifvars is a resident of the State of California.  iStream is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Nevada.  Diversity jurisdiction therefore exists pursuant to 28 U.S.C § 1332.

4. A substantial part of the events or omissions giving rise to these claims occurred within the Western District of Washington, and venue is therefore appropriate in this Court pursuant to 28 U.S.C. § 1391(a).

## COMMON ALLEGATIONS

5. On or about September 1, 2010, Skrifvars was hired by iStream as a Senior Application Developer and Product Manager and worked in the Las Vegas office of iStream.  Skrifvars continued in the employ of iStream uninterrupted for a period of approximately three (3) years.  Skrifvars was hired by Mio Babic ("Babic"), the President and Chief Executive Officer of iStream.

6. On or about December 1, 2010, iStream awarded Skrifvars Twenty Thousand (20,000) options to purchase iStream stock with a strike price of Three Dollars and Fifty Cents ($3.50) pursuant to the terms of the "[iStream] 2007 Stock Option Plan".

7. On or about October 7, 2011, Skrifvars and iStream entered into that certain Stock Option Termination Agreement (the "Termination Agreement"). A true and correct copy of the Termination Agreement is attached hereto as <u>Exhibit A</u>. Pursuant to the terms of the Termination Agreement, Skrifvars surrendered the stock options that were awarded to him on or about December 1, 2010. Simultaneously, Skrifvars and iStream entered into that certain Tracking Unit Agreement (the "Tracking Unit Agreement"). Pursuant to the terms of the Tracking Unit Agreement, Skrifvars was awarded up to Twelve Thousand (12,000) Tracking Units that were governed by the "iStream Planet Co. Tracking Unit Plan". A copy of the Tracking Unit Agreement is attached hereto as <u>Exhibit B</u>.

8. Also, on or about October 7, 2011, Skrifvars was granted the option to purchase Eight Thousand (8,000) shares of iStream stock at a strike price of Twenty-Five Cents ($.25) per share pursuant to the iStreamPlanet Co. Stock Option Grant Agreement (the "Grant Agreement"). A copy of the Grant Agreement is attached hereto as <u>Exhibit C</u>. The options given to Skrifvars under the terms of the Grant Agreement were governed by the "iStream Planet Co. Stock Incentive Plan".

9. On or about June 12, 2012, Skrifvars was offered a promotion by iStream pursuant to a written letter dated June 12, 2012 (the "Promotion Agreement"). A copy of the Promotion Agreement is attached hereto as <u>Exhibit D</u>. Pursuant to the express terms of the Promotion Agreement, Skrifvars was promoted to "Lead Software Engineer leading to Development Manager". Upon acceptance of the new position, Skrifvars was transferred to the

Complaint

Israels & Neuman, PLC
10900 NE 8th Street, Suite 1000, PMB#155
Bellevue, WA 98004 • (206) 795-5798

Redmond, Washington office of iStream. The Promotion Agreement increased Skrifvars' rate of pay and set forth that Skrifvars would be granted: (a) Ten Thousand (10,000) options on or about October 1, 2012, with a strike price of Twenty-Five Cents ($0.25) per share ("the October Grant") and: (b) an additional Ten Thousand (10,000) options on or about January 1, 2013, with a strike price of Twenty-Five Cents ($0.25) (the "January Grant"). The October Grant and January Grant were governed by the 2011 Incentive Stock Option Plan.

10. Shortly after acceptance of the terms in the Promotion Agreement, and in reliance upon the statements set forth therein, Skrifvars moved to Redmond, Washington, and commenced working with iStream.

11. Thereafter, when the October Grant was due to be awarded to Skrfivars from iStream pursuant to the express terms of the Promotion Agreement, iStream failed to fulfill its obligations to Skrfivars. Skrifvars made a number of demands for the award of the October Grant, all of which were met with false representations or inaction on the part of iStream. Similarly, the January Grant became due on or about January 1, 2013. Neither the October Grant nor the January Grant were made to Skrifvars.

12. On or about February 13, 2013, nearly five (5) months after the October Grant was due and six (6) weeks after the January Grant was due, Skrifvars resigned from iStream due to iStream's refusal to comply with, and breach of, the express terms of the Promotion Agreement.

13. On or about September 13, 2015, Skrifvars received an email from Jonathan Donath, the Vice President of Finance at iStream, that stated:

*"As you may be aware, iStreamPlanet Co. merged with Turner New Media Investments, Inc. on August 14, 2015. In connection with that transaction, you are due an upfront payment in*

Complaint

*respect of the 5,972 tracking unit shares of you held in iStreamPlanet in the amount of $34,608.65. Additionally, there will be a subsequent payment of $5,607.10 on August 14, 2016. We will be processing these payments soon. In order to do so, please execute the attached Option Cancellation Agreement and return to me via email. Once received, your payment will be included in the next scheduled check run."*

This email did not mention the Eight Thousand 8,000 stock options that were awarded to Skrifvars pursuant to the Grant Agreement, nor did it mention the October Grant and January Grant. Mr. Skrifvars did not execute the Option Cancellation Agreement, as doing so would have forced him to surrender the options without remuneration.

**FIRST CLAIM FOR RELIEF**

**Breach of Contract**

14. Skrifvars refers to Paragraphs 1 through 13 and incorporates them herein by this reference.

15. iStream entered into a written contract with Skrifvars, the terms of which included, *inter alia,* Skrifvars' move to Redmond, Washington; Performance of job duties by Skrifvars; Payment of a salary by iStream; and Award of stock options to Skrifvars.

16. iStream and Babic were aware of the performance owed to Skrifvars. On a number of occasions, Skrifvars made inquiries as to when the October Grant would be issued to him. For instance, when Skrifvars inquired to Babic regarding the October Grant to Skrifvars, Babic responded on October 25, 2012, via email stating "*Ping me in a couple of weeks if you don't hear from me. 409A study should be done by mid Nov at the latest.*" A copy of this email is attached hereto as Exhibit E.

17. Thereafter, when Skrifvars did as Babic instructed ("pinging" or reminding Babic

Complaint

about their earlier email conversation), Babic responded on November 9, 2012, via email as follows: "*Yep I have a list in place and you are on it and as soon 409A [sic.] (they promised it no longer than 11/23)*." A copy of this email is attached hereto as Exhibit F.

18. Skrifvars made yet another inquiry to Babic. On December 1, 2012, Mr. Babic wrote to Skrifvars and yet again made a false promise: "*J-we received our 409A valuation and will be issuing options by year end.*" A copy of this email is attached hereto as Exhibit G. Despite repeated assurances, the October Grant was never received by Skrifvars. In each of the foregoing instances when Skrifvars made an inquiry to Babic, the October Grant was well past due.

19. Similarly, Skrifvars never received the January Grant as it became due pursuant to the terms of the Promotion Agreement. No explanation was forthcoming from Babic or iStream despite repeated inquiries from Skrifvars.

20. Skrifvars performed all obligations (or has offered to fulfill all obligations) of the terms of the Promotion Agreement. iStream has not been excused for performance under the terms of the Promotion Agreement. iStream ignored requests by Skrifvars for the award of the options grants and told Skrifvars that his options were going to be awarded at a date in the future and failed to deliver on its promises.

21. By its actions and inactions described herein, iStream breached its contractual obligations under the Promotion Agreement by (1) failing to provide Skrifvars with the October Grant; (2) failing to provide him with the January Grant and (3) failing to compensate him for the Eight Thousand (8,000) stock options that were granted to him by the terms of the Grant Agreement.

22. With respect to the stock options awarded to Skrifvars by the Grant Agreement,

Complaint

iStream's breach was material and has caused economic harm to Skrifvars as he was not offered the opportunity to exercise those options in accordance with the terms of the iStream Planet Co. Stock Incentive Plan.

23.   Similarly, as to the October and January Grants, iStream's breach was material and caused economic harm to Skrifvars as he was never awarded any of the stock options that were to be awarded to him under the express terms of the Promotion Agreement and was deprived of the opportunity to exercise those stock options.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Skrifvars prays that judgment be entered in its favor as follows:

1.   For specific performance of the Promotion Agreement or, alternatively, for damages exceeding the sum of Three Hundred Thousand Eight Hundred Forty Thousand Dollars ($300,840.00), such amount being the value of the Eight Thousand Shares that were granted to Skrifvars pursuant to the Grant Agreement (less the strike price), as well as the value of the October and January Grants (less the strike price).

2.   For costs and attorneys' fees incurred herein; and

3.   For other and further relief as the Court deems just and proper.

///

///

///

Complaint

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury.

DATED this 10th of October, 2016

**ISREALS NEUMAN PLC**

By: /s *David Neuman*
**David Neuman, WSB #48176**
dave@israelsneuman.com

**GUSTAFSON NICOLAI pc**

By: /s *J. Ryan Gustafson*
**J. Ryan Gustafson, CA SBN #220802**
jrg@gnlawpc.com

Complaint