THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON SKRIFVARS, an individual,

                           Plaintiff,

      v.

ISTREAM PLANET CO., a Delaware
Corporation

                          Defendant.

No. 2:16-cv-01590-TSZ

**STIPULATED PROTECTIVE ORDER**

1.      <u>PURPOSES AND LIMITATIONS</u>

       Discovery in the above-captioned action (the "Action") is likely to involve production of confidential, proprietary, or private information, as more fully defined in Section 2 below (collectively "Protected Material") for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

2.    PROTECTED MATERIAL – "CONFIDENTIAL" AND "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

"CONFIDENTIAL" materials: Any documents (whether electronic or hard copy), discovery responses or deposition testimony, exhibits to depositions and hearings, portions of briefs or other court filings containing confidential, proprietary, or private information, including without limitation, financial information, trade secrets, personnel and compensation information or other commercially sensitive or personally sensitive information of a non-public nature or which is subject to third party confidentiality restrictions or obligations, may be designated as confidential (regardless of whether such designation is made by a party or by a non-party).  Additionally, "Confidential" material shall include, but not be limited to, the following documents and tangible things produced or otherwise exchanged:

- Financial and business information;
- Stock Option Plans and related information;
- Stock valuations and related information;
- Personnel records of employees, including information related to compensation and participation in stock option plans;
- Tax information;
- Information subject to a legally protected right of privacy; and
- Any other information not in the public domain and that is reasonably and in good faith believed by the producing party to contain trade secret, proprietary, confidential or sensitive information.

"CONFIDENTIAL-ATTORNEYS' EYES ONLY" material shall include all or any part of any Confidential material, the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

By designating materials as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" the designating parties and their counsel represent they have a good faith belief that the materials so designated are not only Confidential but contain extremely sensitive and confidential

STIPULATED PROTECTIVE ORDER (2:16-cv-01590-TSZ) - 2
4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

proprietary or personal information, including, without limitations, trade secrets and such information relating to third parties that could be used by a party to the direct and material detriment of the Designating Party.

3.    SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF "CONFIDENTIAL" AND "CONFIDENTIAL-ATTTORNEYS' EYES ONLY" MATERIAL

4.1    Basic Principles.  A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle the same, and shall not be used for any other purpose.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this Action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) vendors retained by counsel to assist in the hosting, duplication, or preparation of Confidential material and/or demonstrative/derivative aids for hearings, trial and/or mock jury sessions; provided, that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(f) witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Disclosure of "CONFIDENTIAL-ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential-Attorneys' Eyes Only material only to:

(a) the receiving party's counsel of record in this Action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

(b) for a corporate party, in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4     <u>Filing Protected Material</u>.  Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Protected Material</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

STIPULATED PROTECTIVE ORDER (2:16-cv-01590-TSZ) - 5
4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: Any party may identify on the record during the hearing or proceeding, any claim of protected testimony, and any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Protected Material.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

4840-7757-9339v.1 0026435-000089
**4830-9965-4731v.1** 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v1.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.  UNDERLINE[PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION]

If a party is served with a subpoena or a court order issued in other litigation, either during or after the conclusion of this Action, that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order, prior to the time for the designating party to object to the same;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons (or counsel for such person or persons) to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within sixty (60) days after the termination of this Action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof, upon written request by the disclosing party.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel for the parties are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, and other materials which counsel deem are necessary for business, bar, or malpractice purposes, even if such materials contain confidential material.  In addition, there shall be no obligation to return or destroy materials that are contained in emails, backup tapes and/or electronic formats that are not reasonably assessable, even if those materials have been specifically labeled as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    CHANGING DESIGNATIONS

A designating party may change any designation by providing written notice to the receiving party(ies) and reproducing the Protected Material with the correct designation.  Any

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

unintentional disclosure of Protected Material as a result of an incorrect designation shall not be deemed a waiver in whole or in part of the designating party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the designating party informs the receiving party(ies) of its mistake within a reasonable time.

12.    APPLICATION TO NON-PARTIES

This Order applies to all non-parties that are served with subpoenas in connection with the litigation or who otherwise produce documents or are noticed for deposition in connection with the litigation, and all such non-parties are entitled to the protection afforded hereby.

13.    RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing, producing, or the admissibility of any information or item on any ground.  The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce or have any particular documents or information admitted.

14.    EFFECT WITHOUT COURT ORDER.

The parties agree to be bound by, and are entitled to rely upon, the terms of this Order once it has been signed by the parties' counsel, pending the entry of this Order or an alternative thereto which is satisfactory to the parties, by the Court, and the parties further agree that any violation of this Order's terms at such time shall be subject to the same sanctions and penalties as if this Order has been entered by the Court.

4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax

1    DATED this 20th day of July, 2017.

2                              Davis Wright Tremaine LLP
                               Attorneys for iStreamPlanet Co., LLC
3

4                              By /s/ Paula L. Lehmann
                                   Paula L. Lehmann, WSBA #20678
5                                  Email:  paulalehmann@dwt.com

6                              By /s/ Angela Vogel
7                                  Angela R. Vogel, WSBA #34516
                                   Email:  angelavogel@dwt.com
8

9                              ISREALS NEUMAN PLC
                               Attorney for Plaintiff
10

11                             By /s/ David Neuman
                                   David Neuman, WSBA #34516
12                                 Email:  dave@israelsneuman.com

13

14                             GUSTAFSON NICOLAI PC
                               Attorneys for Plaintiff
15

16                             By s/J. Ryan Gustafson
                               J. Ryan Gustafson, Admitted pro hac vice
                               Email:  jrg@gnlawpc.com
17

18    PURSUANT TO STIPULATION, IT IS SO ORDERED.

19    DATED this 25th day of July, 2017.

20

21                             _____
                               Thomas S. Zilly
22                             United States District Judge

23

24

25

26

27

STIPULATED PROTECTIVE ORDER (2:16-cv-01590-TSZ) - 11
4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA  98004-5149
425.646.6100 main · 425.646.6199 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington in Seattle

on _____[date] in the case of *Skrifvars v. Turner Broadcasting, et al.*, Case No.

2:16-cv-01590-TSZ (the "Action"). I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington in Seattle for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of

this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER (2:16-cv-01590-TSZ) - 12
4840-7757-9339v.1 0026435-000089
4830-9965-4731v.1 0026435-000089
4825-7092-7691v.1 0026435-000089

Davis Wright Tremaine LLP
LAW OFFICES
777 108th Avenue NE, Suite 2300
Bellevue, WA 98004-5149
425.646.6100 main · 425.646.6199 fax